UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

    BLADIMIR DIAZ

    Debtor(s)

Case No. 18-40032-MAR
Chapter 13
Hon. RANDON

_____/

## OBJECTIONS TO CONFIRMATION

NOW COMES Creditor, STERLING WOODS CONDOMINIUM ASSOCIATION, by and through counsel, BUTLER ROWSE-OBERLE PLLC, and objects to the confirmation of the Debtor's proposed Chapter 13 Plan as follows:

1. Creditor is the holder of a security interest in 35451 TOWNLEY, STERLING HEIGHTS, MI 48312 pursuant to the condominium bylaws.

2. The balance owing Creditor as of the date of the bankruptcy petition was $28,443.09, not including ongoing monthly assessments of $211.00.

3. 11 U.S.C. §1325(a)(7) requires that the Court shall confirm a Plan if the action of the debtor in filing the petition was in good faith.

4. The instant case is Debtor's third filing in three years.

5. Debtor filed Case No. 16-56038-mar on November 30, 2016.

6. Pursuant to Debtor's Schedule I and J, Debtor's income was $2,026 a month and expenses were $1,246 a month.

7. Said case was dismissed on February 27, 2017 upon Trustee's Motion to Dismiss.

8. At the time of dismissal, Debtor's Plan payment history was 46%.

9. Debtor filed Case No. 17-46736-mar on May 3, 2017.

10. Pursuant to Debtor's Schedule I and J, Debtor's income was $1,939 a month and expenses were $934 a month.

11. Said case was dismissed on August 5, 2017 upon Trustee's Motion to Dismiss.

12. At the time of dismissal, Debtor's Plan payment history was 33%.

13. Debtor filed the instant case on January 2, 2018.

14. Pursuant to Debtor's Schedule I and J, Debtor's income is $1,975 a month and expenses are $1,316 a month.

15. Debtor failed to appear at the 341 Meeting of Creditors on February 16, 2018 and the Trustee filed a Motion to Dismiss.

16. The motion to dismiss was resolved and the Meeting of Creditors was adjourned to April 20, 2018.

17. Debtor again failed to appear and the Trustee has filed a second Motion to Dismiss.

18. At this time, Debtor's Plan payment history is 49%.

19. Creditor objects to the confirmation of the Plan as Debtor's filing was not in good faith for the reasons stated above.

20. Creditor believes the Debtor's proposed Chapter 13 Plan is not feasible as required pursuant to 11 U.S.C. §1325(a)(6).

21. The Debtor's ability to maintain Plan payments is questionable as Debtor's current financial situation is very similar to the financial situation of his prior two dismissed cases.

22. Debtor has shown that he cannot maintain his household on his budgeted expenses, currently $1,316 a month.

23. 11 U.S.C. §1325(a)(3) requires that the Court shall confirm a Plan if the Plan has been proposed in good faith and not by any means forbidden by law.

24. The Debtor's Chapter 13 Plan proposes payment to Creditor via the Chapter 13 Trustee.

25. Debtor's proposed Chapter 13 Plan understates the pre-petition arrearages as $16,700.00. The actual pre-petition arrearages are $28,443.09.

26. Debtor's proposed Chapter 13 Plan understates the monthly ongoing assessments as $200 per month. The actual monthly ongoing assessments are $211 per month.

27. The Sixth Circuit has interpreted the above code section in several cases and has held that the Court must consider the "totality of the circumstances" in determining whether the Plan should be confirmed.

28. The Debtor's Plan has not been proposed in good faith as evidenced by the circumstances under which he contracted debts and he demonstrated lack of bona fides in dealing with Creditors.

29. The Debtor's Plan has not been proposed in good faith as his motivations and sincerity in seeking relief under the provisions of Chapter 13 are speculative.

30. The Debtor's proposed Plan has not been proposed in good faith as the amount of repayment, considering the circumstances, is not consistent with the purpose and spirit of Chapter 13.

31. Pursuant to 11 U.S.C. §109(g)(1), no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

32. Debtor has failed to appear at the two scheduled Meeting of Creditors in this case.

33. Creditor requests the instant case be dismissed with a 180 day bar to refiling.

WHEREFORE, Creditor prays that this Honorable Court will deny confirmation as proposed.

BUTLER ROWSE-OBERLE PLLC

/s/ KAREN L. ROWSE-OBERLE (P41893)
Attorney for Creditor
24525 Harper Avenue
St. Clair Shores, MI 48080
(586) 777-0770
krowse-oberle@brolawpllc.com

May 11, 2018

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

    BLADIMIR DIAZ                        Case No. 18-40032-MAR
                                                       Chapter 13
    Debtor(s)                               Hon. RANDON
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on May __11__, 2018, I electronically filed the Objection to Confirmation with Clerk of the Court using the ECF system which will send notification of such filing to the following:

**-James P. Frego II, Attorney for Debtor(s)**
**-Krispen S. Carroll, Chapter 13 Trustee**

                                                         BUTLER ROWSE-OBERLE PLLC

                                                         /S/ Bridgette Dockery
                                                         Legal Assistant.
                                                         24525 Harper Avenue
                                                         St. Clair Shores, MI 48080
                                                         (586) 777-0770
                                                         bridgette@brolawpllc.com